# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 15-309** |
| **ALEXANDER CASTRO** | **SECTION I** |

## ORDER & REASONS

Before the Court is defendant Alexander Castro's ("Castro") motion[1] for reconsideration of the Court's order[2] denying his previous motion[3] for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). The government opposes the motion for reconsideration.[4] For the following reasons, the motion to reconsider is denied.

## I.

The facts of Castro's case are familiar to the Court.[5] Castro, who proceeds *pro se*,[6] is currently incarcerated at Edgefield Federal Correctional Institution ("Edgefield"); his projected release date is December 1, 2021.[7] On May 26, 2020, Castro filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). In his initial motion, Castro argued that a sentence reduction was warranted because, according to Castro, he suffers headaches, epileptic seizures, hypertension, and

---

[1] R. Doc. No. 68.
[2] R. Doc. No. 67.
[3] R. Doc. No. 65.
[4] R. Doc. No. 70.
[5] *See* R. Doc. No. 67.
[6] R. Doc. No. 68, at 1.
[7] R. Doc. No. 66, at 2.

migraines, all of which allegedly increase his risk of contracting COVID-19.[8] Castro did not assert, however, that he had submitted a request for a sentence reduction to the warden of Edgefield or otherwise exhausted his administrative remedies with the Bureau of Prisons ("BOP").[9] The government entered its opposition to Castro's motion on June 5, 2020.[10] The Court dismissed without prejudice Castro's motion on June 10, 2020, stating:

> Castro has not made any showing that he has "fully exhausted all administrative rights to appeal" or that 30 days have lapsed since the receipt of a request for compassionate release by the warden of his facility. *See* 18 U.S.C. § 3582(c)(1)(A). Because Castro has not satisfied his burden of proof with respect to the statutory exhaustion requirement, Castro's motion for compassionate release is not properly before the Court.[11]

The Court concluded that the Court did not possess jurisdiction to decide the motion.[12]

---

[8] R. Doc. No. 65, at 2–3.
[9] *Id.* at 2.
[10] R. Doc. No. 66.
[11] R. Doc. No. 67, at 4.
[12] *Id.* at 3 (quoting *United States v. Gentry*, No. 03-50033, 2020 WL 2131001, at *2 (W.D. La. May 5, 2020) ("The requirement that an inmate first exhaust his administrative remedies within the BOP is jurisdictional.") (citing *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010))); *see United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (characterizing the defendant's failure to exhaust administrative remedies as "a glaring roadblock foreclosing compassionate release at this point").

The defendant bears the burden of demonstrating that he is entitled to compassionate release and that he has exhausted his administrative remedies. *United States v. Evans*, No. 2:16-CR-20144, 2020 WL 2549964, at *2 (W.D. Tenn. May 19, 2020); *United States v. Van Sickle*, No. CR18-0250JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020); *see United States v. Roberts*, No. 15-135, 2020 WL 2130999, at *3 (W.D. La. May 5, 2020); *United States v. Ebbers*, No. (S4) 02-CR-1144-3 (VEC), 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020).

On July 10, 2020, Castro filed this motion for reconsideration.[13] Castro argues that he has satisfied the administrative exhaustion requirement, that his "chronic epileptic seizures which contribute to his hypertension and migraine headaches" constitute an extraordinary and compelling reason for a sentence reduction, and that, with regard to COVID-19, "circumstances have changed considerably both in the State of South Carolina and at Edgefield. . ." since his initial motion.[14] Castro alleges that he submitted his request for compassionate release to the Edgefield warden "in early March, 2020."[15] He explains, however, that he is unable to provide the Court with copies of his administrative request because "[t]he system purges prisoner-to-administration messages after 60 days of their sending date."[16] Nevertheless, Castro also asserts that "these messages ARE in [the BOP] system and this Court could certainly compel them to release these messages . . . ."[17]

In support of his motion for reconsideration, Castro appends a message he sent to the Edgefield prison administration requesting "printout copies of both my release request to the Warden and his response."[18] He also includes a letter from his wife,

---

[13] R. Doc. No. 68.
[14] *Id.* at 1–2.
[15] *Id.* at 1.
[16] *Id.* The Court notes that Castro does not deny that he had access to such messages during the sixty-day period before the alleged system purge; nor does Castro explain why, during the period when the messages were still available, he failed to retrieve them and supply them to the Court in support of his assertion that he exhausted administrative remedies.
[17] *Id.* at 1–2.
[18] R. Doc. No. 68-1, at 1.

dated July 2, 2020 and addressed to this Court, attesting to Castro's epileptic seizures.[19]

The government opposes Castro's motion, arguing that it should be denied because Castro's motion for reconsideration does not satisfy the legal standard for a motion for reconsideration: Castro has not provided any newly discovered evidence that he satisfied the administrative remedy requirement.[20] On the merits, the government argues that Castro's medical conditions are not an "extraordinary and compelling" reason warranting his release.[21]

## II.

Though motions for reconsideration in criminal actions "are nowhere explicitly authorized in the Federal Rules of Criminal Procedure, they are a recognized legitimate procedural device." *United States v. Cotto*, No. 16-36, 2020 WL 3832809, at *1 (E.D. La. July 8, 2020) (Lemmon, J.) (quoting *United States v. Lewis*, 921 F.2d 563, 564 (5th Cir. 1991)). Nevertheless, the Fifth Circuit has held that "if a motion for reconsideration is filed within twenty-eight days after entry of the judgment from which relief is being sought, the motion is treated as motion to alter or amend under Rule 59(e)." *Cotto*, 2020 WL at * 1 (citing *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004)); *see also* Fed R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

---

[19] R. Doc. No. 68-2.
[20] R. Doc. No. 70, at 1–4.
[21] *Id.* at 4–5. The government also argues that the letter from Castro's wife and the asserted prevalence of COVID-19 in South Carolina "are not material to the Court's order and therefore should not be a basis for reconsideration." *Id.* at 4.

4

Castro's motion for reconsideration was not timely filed. The Court entered the order denying Castro's motion for compassionate release without prejudice on June 10, 2020;[22] Castro filed the instant motion for reconsideration on July 10, 2020.[23] As such, Castro's motion was filed thirty, not twenty-eight, days after the Court dismissed without prejudice his motion for compassionate release.

Moreover, even if Castro's motion had been filed within the twenty-eight day timeframe provided by Rule 59(e), the Court would not reconsider its previous order. A motion for reconsideration under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted). A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* Instead, a Rule 59(e) motion merely allows "a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* Rule 59(e) also allows a party to bring an intervening change in the controlling law to the Court's attention. *See Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567–68 (5th Cir. 2003). Rule 59(e) relief is an extraordinary remedy and should be used sparingly. *See Templet*, 367 F.3d at 479.

Courts in the Fifth Circuit have both granted and denied motions for reconsideration in the context of 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Ansari*, No. 07-337, 2020 WL 4284340, at *2 (E.D. La. July 27, 2020) (Fallon, J.)

---

[22] See R. Doc. No. 67.
[23] See R. Doc. No. 68.

5

(denying defendant's motion to reconsider his previous motion for compassionate release); *United States v. Carney*, No. 14-154, 2020 WL 4747716, at *1, *3 (E.D. La Aug. 17, 2020) (Barbier, J.) (granting defendant's motion for reconsideration after initially denying a motion for compassionate release on the ground of non-exhaustion of his administrative options, where, following the motion to reconsider, "it [wa]s undisputed that . . . Defendant *did* send a request to the Warden asking for a compassionate release motion to be filed on his behalf[,]" satisfying the exhaustion requirement) (emphasis added)).

In the instant case, neither the facts nor the law have changed such that the Court should reconsider the motion for compassionate release. Unlike in *Carney*, the government continues to argue that Castro has failed to satisfy the administrative exhaustion requirement, and Castro has not provided additional evidence of exhaustion beyond what he submitted prior to the Court's consideration of his initial motion.[24] Therefore, Castro fails to meet the Rule 59(e) standard for reconsideration.

### III.

Accordingly,

**IT IS ORDERED** that Alexander Castro's motion for reconsideration is **DENIED**.

New Orleans, Louisiana, September 1, 2020.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[24] R. Doc. No. 70, at 3.